IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEFFREY LEE BOEN
ADC #140867                                                              PLAINTIFF

VS.                        CASE NO.: 5:09CV00072 BSM/BD

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                   DEFENDANTS

RECOMMENDED DISPOSITION

I.        Procedure for Filing Objections:

The following Recommended Disposition has been sent to United States District

Judge Brian S. Miller.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If an objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven

(11) days from the date you receive the Recommended Disposition.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A-149
Little Rock, AR 72201-3325

II.     **Backgroud:**

Plaintiff, who is incarcerated at the Pine Bluff Unit of the Arkansas Department of

Correction ("ADC"), filed a *pro se* Complaint (docket entry #2) under 42 U.S.C. §1983,

along with an Application for Leave to Proceed *In Forma Pauperis* (#1).  For the

following reasons, the Court recommends that Plaintiff's Complaint (#2) be DISMISSED

with prejudice, and that his Application for Leave to Proceed *In Forma Pauperis* (#1) be

DENIED as moot.[1]

III.    **Discussion:**

Plaintiff filed this action alleging that he has not been able to participate in a work

release program based upon the presence of an escape arrest in his criminal history.

Plaintiff argues that he was never charged or convicted of escape and that this arrest

should not be taken into account when determining his eligibility for work release.[2]

Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983.

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen

prisoner complaints seeking relief against a governmental entity, officer, or employee.  28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner

---

[1] If the Court had determined that Plaintiff stated a claim under § 1983, Plaintiff's
Application would have either been denied or held in abeyance because Plaintiff failed to
provide the documentation required by 28 U.S.C. Section 1915(a).

[2] Based on the documentation Plaintiff attached to his Complaint, it appears that
he was arrested for escape on October 15, 2000.  However, Plaintiff was never charged or
convicted of escape.

has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him or her of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983.  While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a plaintiff still must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  Broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery."  *Id*. at 1968 (citation omitted).  Rather, the facts set forth in the complaint must

be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at

1974.

Here, Plaintiff alleges that his constitutional rights have been violated because he

has not been permitted to participate in a work release program. However, "there is no

constitutionally based liberty interest in participating in a work release program."

*Mahfouz v. Lockart*, 826 F.2d 791, 792 (8th Cir. 1987) (per curiam). An inmate does not

have a protected liberty interest in any particular prisoner classification or eligibility for

rehabilitative programs. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Although "a state

may create such a liberty interest when its statutes or regulations place substantive

limitations on the exercise of official discretion or are phrased in mandatory terms," see

*Maufouz*, 826 F.2d at 792 (citing *Bd. of Pardons v. Allen*, 482 U.S. 369 (1987); *Olim v.*

*Wakinekona*, 461 U.S. 238, 249 (1983); *Greenholtz v. Inmates of Nebraska Penal & Corr.*

*Complex,* 442 U.S. 1, 11-12 (1979); *Parker v. Corrothers*, 750 F.2d 653, 657 (8th Cir.

1984)), that is not the case under Arkansas law.

The Arkansas statute governing prisoners' participation in work release programs is

codified in Ark. Code Ann. § 12-30-401 and provides:

> (a) All inmates committed to the Department of Correction for institutional care
> shall be required to participate in the various work programs to which assigned and
> may be afforded vocational training and rehabilitative opportunities in accordance
> with rules, regulations, and procedures therefor as promulgated by the Director of
> the Department of Correction with the approval of the Board of Corrections.

> (b) The department <u>may</u> institute "work-release" programs under which the inmates
> selected to participate in the programs may be gainfully employed or attend school

outside of the units maintained by the department, under rules and regulations promulgated by the director with the approval of the board (emphasis added).

Based on the permissive non-mandatory language of the Arkansas state statute authorizing work release programs, the *Mahfouz* court specifically held that "Arkansas' work release statutes and regulations do not create a protectible liberty interest" in participation in such programs. *Mahfouz*, 826 F.2d at 793. "Although the regulation contains substantive criteria to be used in determining eligibility for the work release program, the unit warden, assistant director, director, and Board retain broad discretion in selecting eligible inmates to participate in the program." *Id*. Accordingly, Plaintiff's claim fails, and pre-service dismissal under 28 U.S.C. § 1915A is appropriate.

## IV.   Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED with prejudice, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 12th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE